UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ADAM SCHUCK,                         :
            Plaintiff,              :
                                    :
    v.                              :        C.A. No. 25-653-MSM
                                    :
TOWN OF JOHNSTON, et al.,            :
            Defendants.             :

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* Plaintiff Adam Schuck, pursuant to Fed R. Civ. P. 45(d), to compel non-party Rhode Island Department of Labor and Training Board of Review ("DLT") to produce an audio recording of a June 4, 2024, hearing in yet another format. As the motion and objection reveal, upon receipt of the subpoena, DLT promptly advised Plaintiff that it maintains audio recordings of hearings in encrypted format that are difficult to transmit and that the audio may not be downloaded into a more accessible format pursuant to DLT's "IT protocols." ECF No. 15 at 9. Accordingly, DLT offered to comply with the subpoena by creating and producing a certified transcript of the hearing and by producing the encrypted audio recording electronically. Id. at 8-9. Plaintiff acknowledged that "that would be acceptable."[1] Id. at 9.

DLT has complied with the subpoena by production in these two formats. Plaintiff is not satisfied because, although he has a certified transcript, he is unable play the encrypted audio. He has asked the Court, *inter alia*, to order DLT to arrange for conversion of the audio into yet

---

[1] Plaintiff now argues that he did not intend to waive any rights with this indication that the certified transcript and encrypted audio would be "acceptable." ECF No. 15 at 9. Mindful of Plaintiff's *pro se* status, because Fed. R. Civ. P. 45(d) clearly protects DLT in this circumstance, the Court did not need to determine whether there was a waiver and has not relied on a potential waiver as the basis for its ruling.

another format or to provide him with information and assistance sufficient to break the encryption. ECF No. 15 at 4. He has provided the Court with no reason why this additional burden should be imposed on a non-party, nor has he explained why the certified transcript is not sufficient in the circumstances of this case.[2] Nor has he satisfied his burden of demonstrating that such discovery is proportional as required by Fed. R. Civ. P. 26(b)(1).

Rule 45(d)(1) requires that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." And Fed. R. Civ. P 45(e)(1)(C) mandates that the party responding to a subpoena "need not produce the same electronically stored information in more than one form." Further, while not directly pertinent to what is now in issue (because DLT has already produced the encrypted version of the hearing audio), Fed. R. Civ. P. 45(e)(1)(D) stipulates that electronically stored information, like this encrypted audio file, which is not reasonably accessible because of undue burden/cost, need not be provided unless the requesting party establishes good cause for imposing the additional burden and the Court sets appropriate limits (such as cost shifting). Plaintiff has failed to establish good cause.

Based on the foregoing, Plaintiff's motion to compel (ECF No. 15) non-party DLT to produce the audio recording in issue in another format or otherwise to make the audio format more accessible is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 3, 2026

---

[2] Plaintiff contends only that an audio recording theoretically reflects "tone, timing, interruptions, uncertainty, emphasis, and other context not captured by a transcript." ECF No. 15 at 4. While that may be true in the abstract, Plaintiff nevertheless fails to explain why those nuances (during a hearing collateral to this case) are sufficiently important as to justify the burden imposed on a non-party like DLT. And if such nuances somehow become important in this case and proportional pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiff has possession of the encrypted audio and can renew his request that it be converted to an audio format that he can access.